**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TIFFANY GILBERT,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No.:** 2:21-cv-367 |
| : | |
| **GRAND CANYON UNIVERSITY,** : | |
| : | |
| Defendant. : | **COMPLAINT IN CIVIL ACTION** |
| : | |
| : | |

Filed on Behalf of Plaintiff:
Tiffany Gilbert

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC.**
Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:      (412) 540-3399
E-mail:       jward@jpward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIFFANY GILBERT,** | : |
| **Plaintiff,** | : |
| v. | : Case No.: 2:21-cv-367 |
| **GRAND CANYON UNIVERSITY,** | : |
| **Defendant.** | : |

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Tiffany Gilbert, by and through the undersigned counsel, J.P. Ward & Associates, and, specifically, Joshua P. Ward, Esquire, who files the within Complaint against Defendant, Grand Canyon University, of which the following is a statement:

### PARTIES

1. Plaintiff, Tiffany Gilbert (hereinafter "Ms. Gilbert"), is an adult individual who currently resides at 610 Fairgate Drive, Wexford, Pennsylvania 15090.

2. Defendant, Grand Canyon University (hereinafter "GCU"), is a Private College, headquartered at 3300 West Camelback Road, Phoenix, Arizona 85017.

### NATURE OF THE ACTION

3. This action arises under the Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq*, and Section 1981 of the Civil Rights Act of 1866 ("Section 1981") 42 U.S.C. § 1981. Ms. Gilbert avers that she was discriminated against on the basis of her race which subsequently resulted in her termination.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Gilbert's discrimination claims pursuant to 28 U.S.C. § 1331.

5. Ms. Gilbert is a resident and citizen of Pennsylvania, a substantial amount of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b).

6. Ms. Gilbert filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations on or about November 29th, 2019 under case number 533-2019-02206.

7. Ms. Gilbert was issued a Notice of Suit Rights from the EEOC on or about December 22, 2020.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

8. Ms. Gilbert began her employment with GCU administration on or about June 2018, working remotely from her home in Wexford, PA.

9. Ms. Gilbert is an African American woman who was highly qualified to perform the duties of her position.

10. Ms. Gilbert was asked to complete goals within strict timelines which her Caucasian counterparts were not required to complete.

11. Ms. Gilbert was tasked with, and handled GCU's City of Pittsburgh Public School District account.

12. Throughout the course of Ms. Gilbert's employment, Caucasian coworkers were given preferential treatment. Instances of this treatment include, but are not limited to, when Supervisor and University of Development Manager Jessica Stephenson (hereinafter, "Ms.

Stephenson") provided Apple "Air-Pod" headphones to a couple of Ms. Gilbert's Caucasian coworkers. Additionally, there were occasions when Ms. Gilbert's Caucasian counterparts had their family meals compensated. Ms. Gilbert never received similar preferential treatment in either of these regards.

13. Additionally, a Caucasian male coworker, Russell Graham (hereinafter, "Mr. Graham"), with the same position and salary as Ms. Gilbert, was not held to the same standards as Ms. Gilbert. Ms. Gilbert had previously been told by a supervisor that Mr. Graham's performance was inadequate.

14. On or about September 12, 2018, Ms. Stephenson asked Ms. Gilbert to sign an "Authorization to Charge" form and requested Ms. Gilbert forge a signature on behalf of a student. Ms. Stephenson asked Ms. Gilbert "How ethical are you feeling today?" Ms. Gilbert promptly responded, "I feel ethical every day" and refused to sign the document without the students authorization.

15. Ms. Stephenson was unhappy that Ms. Gilbert refused to violate GCU policy and forge the student's signature. Ms. Stephenson continued to treat Ms. Gilbert less favorably than her Caucasian counterparts.

16. On or about May 8, 2019, Mr. Graham informed Ms. Gilbert that he was permitted by Ms. Stephenson to "push students through" at the end of the month. This permitted Mr. Graham additional opportunities to complete his workplace goals.

17. At the same time, Ms. Gilbert's deadlines remained in the middle of the month, making it more difficult for Ms. Gilbert to meet her workplace goals than for Mr. Graham.

18. This disparate treatment materially altered the terms and conditions of Ms. Gilbert's employment.

19. Subsequent to the above, Ms. Gilbert was put on a corrective action plan at the recommendation of a Caucasian supervisor. At no point in time did GCU management ask Ms. Gilbert about her performance when considering whether to put Ms. Gilbert on a corrective action plan. Rather, GCU management solely consulted Ms. Gilbert's Caucasian supervisor.

20. On or around August 26, 2019, Ms. Gilbert's Manager and Regional Director of Operations Dan Slover gave Ms. Gilbert an ultimatum: Ms. Gilbert must either work with a student and give all credit for working with this student to a coworker, or Ms. Gilbert must surrender a number of her students to another counselor. Upon information and belief, the coworker who received credit for Ms. Gilbert's work was Caucasian coworker John Yateem.

21. Ms. Gilbert was terminated from her position at GCU on or about November of 2019.

22. Upon information and belief, it was a pattern that people of color on Ms. Gilbert's team at GCU were either terminated or put on corrective action as a result of the racially discriminatory environment at GCU.

## COUNT I
## RACIAL DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23. Ms. Gilbert incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

24. Under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), it is illegal for an employer to "fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.S. §2000e-2(a)(1).

25. When analyzing a claim of discrimination under Title VII, a plaintiff must show: "(1) she is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably or the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Langley v. Merck & Co.*, 186 Fed Appx. 258 (3d Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 36 L. E.D. 29 668 (1973). See also *Makky v. Chertoff*, 542 F.3d 205, 214 (3d Cir. 2008).

26. Pennsylvania courts have determined that an adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." Jones v. SEPTA, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Serv.*, 390 F.3d 760, 764 (3d Cir. 2004)).

27. Under Title VII, for other employees to be considered "similarly situated," they must have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it," *Morales v. Pnc Bank, N.A.*, 2012 U.S. Dist. LEXIS 143605 *23 (E.D. Pa. 2012).

28. Pennsylvania courts have held that comparison factors for "similarly situated employees" have included "dealing with the same supervisor, having been subject to the same standards, and engaging in the same conduct without differentiating and mitigating circumstances." *Id.*

29. A plaintiff may also satisfy the fourth element by "showing other circumstances that give rise to an inference of unlawful discrimination." *Senador v. Zober Indus.*, 2009 U.S. Dist. LEXIS 36059 *9 (E.D. Pa. 2009).

30. As an African American, Ms. Gilbert is a member of a protected class under Title VII.

31. Ms. Gilbert was qualified for her position of University Development Counselor at GCU.

32. Ms. Gilbert was asked to give credit for her work to Caucasian coworkers.

33. Ms. Gilbert's Caucasian co-workers and subordinates were not subjected to the same treatment, scrutiny, and goal expectations as Ms. Gilbert was.

34. Ms. Gilbert was terminated from her position and therefore suffered an adverse employment action.

35. Ms. Gilbert's purported rationale for her termination was performance oriented.

36. However, Ms. Gilbert excelled in her position and her Caucasian coworker, Mr. Graham, with the same position and salary as Ms. Gilbert, was performing inadequately and was not terminated.

37. Further, Ms. Gilbert was informed that she was to give credit for her work to Caucasian coworkers further illustrating Ms. Gilbert's workplace performance and GCU's discriminatory animus.

38. As set forth hereinabove, GCU's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

39. As a direct and proximate result of the aforementioned conduct, Ms. Gilbert suffered actual damages, including, but not limited to, lost wages, benefits, emotional distress, anxiety, loss of reputation, loss of professional opportunities, humiliation and severe inconvenience all in the past present and future.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT II
## RACIAL DISCRIMINATION IN
## VIOLATION OF SECTION 1981

40. Ms. Gilbert incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

41. GCU perpetuated the racial discrimination of Ms. Gilbert in the workplace as delineated hereinabove.

42. As a result of this racial discrimination, Ms. Gilbert was terminated and Ms. Gilbert was therefore deprived of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

43. GCU's actions against Ms. Gilbert were undertaken with reckless indifference to Ms. Gilbert's federally protected right to make and enforce contracts irrespective of her race.

44. As a result of GCU's race discrimination against Ms. Gilbert, Ms. Gilbert has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

                                                            Respectfully submitted,

                                                          **J.P. WARD & ASSOCIATES, LLC.**

Date: March 18, 2021                        By: */s/ Joshua P. Ward*
                                                              Joshua P. Ward (Pa. I.D. No. 320347)
                                                              Kyle H. Steenland (Pa. I.D. No. 327786)

                                                              J.P. Ward & Associates, LLC.
                                                              The Rubicon Building
                                                               201 South Highland Avenue
                                                                Suite 201
                                                                Pittsburgh, PA 15206
                                                                Counsel for Plaintiff